UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JARED R. WEITZ,

                              Plaintiff,      CV-07-1106 (ERK)(ETB)

    -against-                          REPORT AND
                                                      RECOMMENDATION

CAROL WAGNER, DENISE ZARICK,
SOUTH SHORE HONDA INC., and
VALLEY STREAM CHEVROLET INC.,

                              Defendants.
------------------------------------------------------------X

*[Handwritten notation at top right: Order – The Report and Recommendation of the Magistrate Judge is adopted. s/Hon. Edward R. Korman 8/8/08]*

TO THE HONORABLE EDWARD R. KORMAN, UNITED STATES DISTRICT JUDGE:

Plaintiff, Jared Weitz ("plaintiff" or "Weitz"), brings this action alleging that defendant, Carol Wagner ("defendant" or "Wagner"), violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., by impermissibly obtaining copies of his credit report on two separate occasions. Before the court is the defendant's motion to amend her Answer to add two affirmative defenses and two counterclaims. For the following reasons, I recommend that defendant's motion be denied in its entirety.[1]

## FACTS

Over a period of years up to and including 2005, plaintiff received various sums of money from defendant, totaling approximately $20,000, allegedly to help defendant regain

---

[1] The undersigned is grateful for the assistance of Joseph Shanahan, a summer intern and second-year law student at Hofstra University School of Law, for his assistance in the preparation of this Report and Recommendation.

-1-

financial stability. (Ans. ¶ 55.) Defendant believed this money to be a non-interest loan and, when plaintiff failed to repay the money, sought to recover the funds in a small claims court action, <u>Wagner v. Weitz</u>, Index No. SC2861/05 (N.Y. Dist. Ct.). (Def. Mot. to Amend, Ex. A.) On February 6, 2006, a decision was rendered in favor of defendant in the small claims court action and defendant was awarded $4,436.20 in damages and costs. (Def. Mot. to Amend, Ex. A, B.)

Plaintiff alleges that while the small claims court action was pending, and without his permission, defendant fraudulently obtained copies of his credit report on two separate occasions - once on January 16, 2006 and again on January 31, 2006. (Compl. ¶¶ 8, 18.) Defendant subsequently entered plaintiff's credit reports into evidence in the small claims court action. (Ans. ¶ 13.) After recovering the damages set forth above in the first small claims court action, defendant sued plaintiff a second time, again in small claims court, seeking to recover additional money from the same purported loan, but the action was dismissed.[2] (Pl. Opp'n to Def. Mot. to Amend ¶ 17; Def. Reply 3.)

On March 16, 2007, plaintiff commenced the within action pursuant to the Fair Credit Reporting Act, alleging that defendant violated the Act by fraudulently obtaining copies of his credit report without his knowledge or consent. (Compl. ¶ 1.) Proceeding <u>pro se</u>, defendant

---

[2] Plaintiff and defendant dispute why the second smalls claim court action was dismissed. Plaintiff asserts that the court dismissed the action on the ground that defendant could not "'split her claims,' i.e., divide her approximately $20,000 in alleged 'loans' among several suits in order to meet the $5,000 limit of Small Claims Court." (Pl. Opp'n to Def. Mot. to Amend ¶ 17.) Defendant maintains that the action was dismissed "because of the $5,000 jurisdiction limit of the lower court 'without prejudice' . . . [to defendant] bringing the action in the Supreme Court of Nassau County or . . . Federal Court." (Def. Reply 3.) According to defendant, the action "was not dismissed for splitting causes of action." (<u>Id.</u>) Defendant, however, fails to offer the decision of the small claims court as evidence to support her position.

contends that she obtained the credit reports with plaintiff's permission, as his "advisor," for the legitimate purposes of assisting him in obtaining both a student loan and an automobile. (Ans. ¶¶ 55, 57.)

Defendant was granted leave to move to amend her Answer on April 10, 2008. (Order of Boyle, J., dated Apr. 10, 2008.) Defendant asserts two affirmative defenses and two counterclaims in her proposed amendment. With respect to the proposed affirmative defenses, defendant asserts that: (1) res judicata bars plaintiff's claims because he had the opportunity to raise them previously and (2) that she obtained the credit reports for the legitimate purposes of demonstrating in the small claims court action how much money she advanced to plaintiff. (Def. Mot. to Amend 1-3.) Additionally, defendant seeks to counterclaim for: (1) $15,564 of the unpaid loan balance that she asserts plaintiff has failed to pay and (2) $75,000 in damages for alleged injury to her reputation as a result of this suit. (Id. 3-4.) Defendant also requests Rule 11 sanctions against plaintiff's attorney. (Id. 4.)

In his opposition to the within motion, plaintiff asserts that res judicata does not apply to his claims because they were not litigated in the previous action, nor could they have been because the small claims court lacked jurisdiction to do so. (Pl. Opp'n to Mot. to Amend ¶ 9.) Plaintiff further asserts that the second proposed affirmative defense is simply a duplication of defendant's first affirmative defense of consent, already contained in her original Answer. (Id. ¶¶ 12-13.) In response to the proposed counterclaims, plaintiff argues that a claim for the remaining money is barred by res judicata and that defendant fails to state a cause of action for defamation, such that permitting the amendments would be futile. (Id. ¶¶ 14, 25.) Plaintiff also requests that Rule 11 sanctions be imposed against defendant. (Id. ¶¶ 27-31.)

DISCUSSION

I.  Standard of Review

Federal Rule of Civil Procedure 15(a) governs the amendment of pleadings and provides that "a party may amend the party's pleading only by leave of court or by written consent of the other party; and leave shall be given as justice so requires." Fed. R. Civ. P. 15(a). The decision to allow such leave is firmly within the discretion of the district court. See Liberty Mut. Ins. Co. v. First Brighton Transp. Mgmt., No. 07 CV 715, 2008 U.S. Dist. LEXIS 31791, at *11-12 (E.D.N.Y. Apr. 16, 2008) (citing Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330 (1971)). Leave to amend is generally granted unless there appears to be bad faith or unnecessary delay on the part of the movant, or permitting the proposed amendment would be futile. See Foman v. Davis, 371 U.S. 178, 182 (1962).

In determining whether to grant leave to amend, the court applies the same standard as that for a motion to dismiss under Rule 12(b)(6). See Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals, 282 F.3d 83, 88 (2d Cir. 2002). In order to defeat a Rule 12(b)(6) motion, an individual must plead "only enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, __ U.S. __, 127 S. Ct. 1955, 1964-65 (2007). As such, "[t]he court must construe the facts alleged by the party proposing the amendment to be true and view them in the most favorable light." Hartman v. County of Nassau, No. 04 CV 1784, 2008 U.S. Dist. LEXIS 34729, at *55 (E.D.N.Y. Apr. 28, 2008) (citing Narvarte v. Chase Manhattan Bank, N.A., No. 96 CV 8133, 1998 U.S. Dist. LEXIS 15530, at *1 (S.D.N.Y. Oct. 1, 1998)). Courts must additionally consider the rule that pro se pleadings are afforded more leniency than those submitted by an attorney. See Erickson v. Pardus, __ U.S. __, 127 S. Ct. 2197, 2200 (2007).

II.  Defendant's Proposed Affirmative Defenses

  A.  Res Judicata

Defendant asserts in her first proposed affirmative defense that plaintiff's claims are barred by the doctrine of res judicata as a result of the prior small claims court action. Plaintiff opposes the amendment, asserting that his FCRA claims are not precluded because: (1) they first arose during the trial in the small claims court action and (2) the small claims court did not have jurisdiction to hear a claim arising under federal law. (Pl. Opp'n to Mot. to Amend ¶¶ 5-6.)

Res judicata, also called claim preclusion, is a doctrine that aims to prevent the relitigation of claims that were or could have been raised in a previous action. See Farbstein v. Hicksville Pub. Library, 323 F. Supp. 2d 414, 422 (E.D.N.Y. 2004). State court judgments have the same preclusive effect in federal court as they would in the state where the judgment was rendered. See Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 80-81 (1984) (invoking the Full Faith and Credit Clause as the basis for giving such effect). "To prove [that a claim is barred by the doctrine of res judicata] . . . a party must show that: (1) the previous action involved an adjudication on the merits; (2) the previous action involved the plaintiff[] or those in privity with [him]; [and] (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." Monahan v. N.Y. City Dep't of Corr., 214 F.3d 275, 285 (2d Cir. 2000).

To determine if a claim should have been raised in the previous action, courts look to whether it arises out of the same transaction or series of transactions as the previous claim. See Pike v. Freeman, 266 F.3d 78, 91 (2d Cir. 2001). A claim should have been raised in the prior

action where the underlying facts of the claims are "related in time, space, origin, or motivation, . . . form a convenient trial unit, [or] their treatment as a unit conforms to the parties' expectations of business understandings or usage." Interoceanica Corp. v. Sound Pilots, Inc., 107 F.3d 86, 90 (2d Cir. 1997). Res judicata does not, however, bar claims that arise during a previous action. See Computer Assocs. Int'l v. Altai, Inc., 126 F.3d 365, 370 (2d Cir. 1997) (finding that plaintiff need not have amended the complaint to include additional copyright infringement actions that occurred after suit brought). Moreover, "[e]ven where a second action arises from some of the same factual circumstances that gave rise to a prior action, res judicata is inapplicable if formal jurisdictional or statutory barriers precluded the plaintiff from asserting its claims in the first action." Id.

Defendant asserts that plaintiff should have raised his FCRA claim in the small claims court action and, because he failed to do so, the current action is barred by res judicata. There is no merit to this assertion. The underlying facts of the two actions share only a limited connection. As a threshold matter, defendant's action in small claims court to recover the series of loans made to plaintiff involved factual evidence regarding the purpose of the loans and whether there was an oral agreement between the parties as to the nature of the monies given - whether as a loan or as a gift. In contrast, the factual evidence regarding the FCRA claim herein involves the manner and reasons as to why defendant obtained plaintiff's credit reports. Although defendant's claim in the small claims court action and plaintiff's FCRA claim share a connection with respect to the parties involved and their relationship, they are separate enough in time, origin, and motivation such that they need not have been raised below. See Pike, 266 F.3d at 91-92 (finding two sets of claims between identical parties unrelated in time or origin where

the first claim arose out of conduct prior to arbitration whereas the second claim arose out of the arbitration and proceedings before the district court).

Even if the factual bases for the two claims were deemed to be closely related enough to require plaintiff to have asserted his claim in the previous action, res judicata would still not bar this action. Defendant obtained plaintiff's credit reports in January 2006, while her small claims court action against plaintiff was pending. Only when defendant entered these credit reports into evidence during that action did the plaintiff become aware of the issue of violation of the Fair Credit Reporting Act. Accordingly, based on established case law, plaintiff's claim is not barred by res judicata. See Computer Assocs., 126 F. 3d at 370.

Lastly, this case arises under federal law - the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. - and is therefore exclusively within the jurisdiction of the federal courts. See 28 U.S.C. § 1331. Plaintiff could not have raised this claim in the small claims court action as that court does not have jurisdiction to afford the relief requested. Accordingly, defendant's motion to amend her Answer to add a defense of res judicata should be denied on the grounds of futility.

### B. Permissible Purpose for Obtaining Credit Reports

Although Rule 15 allows generous latitude for parties to amend their pleadings "as justice requires," it is not without constraints. See Foman, 371 U.S. at 182 (holding that an amendment deemed futile by the District Court may be properly denied). This is particularly true with proposed amendments that are duplicative of claims already asserted in the original pleadings. See O'Brien v. Price Waterhouse, 740 F. Supp. 276, 284 (S.D.N.Y. 1990) (denying leave to amend because would be futile to duplicate previous efforts). Therefore, justice does not require that leave to amend be granted where the proposed amendment would "merely

reiterate and embroider the [original defenses] . . . adding little, if anything, of substance to [the] case." Scottish Air Int'l, Inc. v. British Caledonian Group, PLC, 152 F.R.D. 18, 30 (S.D.N.Y. 1993) (quoting Coleman v. Ramada Hotel Operating Co., 933 F.2d 470, 473 (7th Cir. 1991)) (second alteration in original).

Defendant seeks to add the affirmative defense that she had plaintiff's "oral permission" to obtain his credit reports and that she did so for a permissible and legitimate purpose - to ascertain and then demonstrate to the small claims court exactly how much money she had "loaned" to the plaintiff in order to prevail on her claim therein. (Pl. Mot. to Amend 1-2.) Plaintiff asserts that defendant's proposed second affirmative defense is simply a duplication of the first affirmative defense of consent contained in her original Answer. I find the second proposed affirmative defense to be both duplicative and futile.

Defendant's first affirmative defense in her original Answer asserts that she "was cloaked with the authority from the plaintiff . . . as his advisor for him, to take the necessary action to clear his credit with the various credit bureaus" to enable him to obtain a student loan and to purchase a vehicle. (Ans. ¶¶ 55-56.) Such an assertion clearly sets forth the affirmative defense of consent. In her proposed second affirmative defense, defendant similarly asserts that she had plaintiff's "oral permission" to obtain his credit reports, but then additionally states that she did so "for a legitimate purpose to show the court the amount of money [she] advanced to the plaintiff . . . to clear his two credit cards and ascertain the amount of monies [she] advanced to him."[3] (Pl. Mot. to Amend 2.) Accordingly, while the proposed affirmative defense is

---

[3] Although defendant does not specify to which court she sought to demonstrate the amount of money advanced to plaintiff, the undersigned assumes that defendant is referring to the small claims court since that court was responsible for determining whether plaintiff owed

-8-

duplicative in that both affirmative defenses assert that defendant had plaintiff's consent to obtain his credit reports, the proposed affirmative defense seeks to add a permissible purpose for obtaining the credit reports not present in the original Answer.

Permitting defendant to add the second proposed affirmative defense, however, would be futile, as the "permissible purpose" asserted by defendant is not a defense to plaintiff's claim that defendant violated the FCRA. "In addition to regulating the conduct of credit reporting agencies, the FCRA protects consumers from any 'person' who obtains a consumer report for an impermissible purpose." Trikas v. Universal Card Servs. Corp., 351 F. Supp. 2d 37, 41 (E.D.N.Y. 2005) (quoting 15 U.S.C. § 1681b(f)) (footnote omitted). Pursuant to Section 1681b of the FCRA, there are six permissible purposes for which a credit reporting agency may issue a credit report. See 15 U.S.C. § 1681b(a). "Subsection (f) extends liability to any 'person' that obtains a consumer report for a purpose other than those permitted under § 1681b." Trikas, 351 F. Supp. 2d at 41. Accordingly, the "plain language of the statue . . . focuses on the intent of the party obtaining the [credit] report." Id. (emphasis omitted).

In order to constitute a valid defense to plaintiff's FCRA claim, defendant must assert that she obtained plaintiff's credit report for one of the six permissible purposes set forth in Section 1681b(a) of the FCRA. Defendant's proposed second affirmative defense fails to meet this burden. Rather, the proposed second affirmative defense asserts that defendant obtained plaintiff's credit report for her own personal use, namely to demonstrate to the small claims court the amount of money she advanced to plaintiff in order to prevail in that action. Such a use is

---

defendant any money and how much. Moreover, defendant cites to "Exhibit A" attached to her motion to amend in support of the proposed second affirmative defense, which is the decision rendered in favor of defendant in the small claims court action.

not recognized as permissible under the FCRA. Moreover, other courts have similarly found defendant's purpose to be impermissible based on the intent of the defendant to use the credit report for his or her own personal use.[4] See, e.g., Phillips v. Grendahl, 312 F.3d 357, 367-68 (8th Cir. 2002) (finding purpose impermissible where woman obtained prospective son-in-law's credit report for purposes of investigating him); Thibodeaux v. Rupers, 196 F. Supp. 2d 585, 586, 591-92 (S.D. Ohio 2001) (finding purpose impermissible where defendant obtained credit report on brother-in-law to investigate his finances).

Based on the foregoing, defendant's motion to amend to add the proposed second affirmative defense should be denied as both duplicative and futile.

III.     Defendant's Proposed Counterclaims

    A.     Counterclaim for Unpaid Amount of Alleged Loan

In her first proposed counterclaim, defendant seeks to recover $15,564 that she alleges is still outstanding from the $20,000 loan she made to plaintiff, after recovering $4,436 in the small claims court action. This is a classic example of a claim barred by res judicata; where

---

[4] Even liberally construing defendant's proposed affirmative defense to assert that she obtained plaintiff's credit report for the purpose of collecting the debt owed to her, which is a permissible purpose under the FCRA, see 15 U.S.C. § 1681b(a)(3)(A), the proposed affirmative defense would still fail because defendant does not qualify as a "debt collector" within the meaning of the FCRA. Although the FCRA does not provide a definition of "debt collector," its "sister" act, the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., Crabill v. Trans Union, L.L.C., 259 F.3d 662, 666 (7th Cir. 2001), defines a "debt collector" as "any person who uses an instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). Defendant is not engaged in the business of collecting debts and therefore does not qualify as a debt collector for purposes of the FCRA.

defendant seeks to recover on the same claim for which she was previously awarded a judgment. Defendant's claim to recover the loan alleged to have been made to plaintiff was raised in the small claims court action and was fully and fairly adjudicated between the exact same parties as those herein. See Monahan, 214 F.3d at 285 (defining the three elements required for a claim to be barred by res judicata as (1) a prior adjudication on the merits, (2) involving the parties or those in privity with the parties, and (3) an assertion of claims that were or could have been raised in the previous action).

Defendant now seeks to define the loan as a series of disparate loans; however, the facts simply do not bear this out. Defendant asserts that she "brought an action [in small claims court] for one oral contract and recovered" and is "now . . . setting forth a counter claim for the several oral contracts . . . ." (Def. Mot. to Amend 3.) However, regardless of whether it was one loan or several loans, defendant lent money to plaintiff ostensibly out of the same motivation each time - to help him achieve financial stability. Moreover, defendant repeatedly characterizes the loans as for a single amount - $20,000 - instead of detailing the manner in which the loans should be broken up so as to constitute several different loans. Accordingly, the loans constitute a series of transactions that are not only related in time, origin, and motivation, but are such that they form a convenient trial unit and should have been raised in the previous action. See Smith v. Cuomo, No. 06 CV 3181, 2007 U.S. Dist. LEXIS 97105, at *25 (E.D.N.Y. Sept. 30, 2007) (finding a series of transactions formed a convenient trial unit where letters constituting factual underpinnings were sent within several months of each other, had substantially similar contents, and were all sent for the same reason). Therefore, defendant's motion to amend her Answer to add a counterclaim seeking to recover the outstanding amount of the loan made to plaintiff -

$15,564 - should be denied.[5]

B. Counterclaim for Defamation

In her second proposed counterclaim, defendant seeks to recover money damages from plaintiff for alleged defamation of character as a result of the within action being brought

---

[5] The undersigned notes that if, in fact, the monies advanced to plaintiff by defendant constituted a series of separate and distinct loans, defendant could have pursued all of them together in her small claims court action against plaintiff, irrespective of the monetary jurisdictional limit of that court. See Westbury Wholesale Produce Co. v. Maine Maid Inn, LLC, 721 N.Y.S.2d 714, 715 (N.Y. Dist. Ct. 2000) ("Where several causes of action are asserted in the complaint, and each of them would be within the jurisdiction of the court if sued upon separately, the court shall have jurisdiction of the action . . . In such case judgment may be rendered by the court in excess of [the monetary jurisdictional limit] if such excess results solely because of joinder."); see also Reilly v. Naftal, 753 N.Y.S.2d 534, 535-36 (3d Dep't 2002) (affirming small claims court judgment in excess of monetary limit where "plaintiff brought three separate and distinct claims . . . with respect to three different transactions" and "[e]ach claim differ[ed] in amount and [gave] rise to separate defenses"); A&J Enter. Solutions, Inc. v. Bus. Applications Outsourcing Techs., Inc., 812 N.Y.S.2d 226, 230 (N.Y. Dist. Ct. 2005) (holding that the court would "treat [plaintiff's] claims . . . individually for purposes of its monetary jurisdiction" where each claim was "clearly divisible and [was] sued upon separately and simultaneously with the others"). However, as discussed above, it appears more likely that the money given to plaintiff consisted of one loan, amounting to approximately $20,000, for which defendant elected to pursue recovery in small claims court rather than a court of competent jurisdiction, such as the New York State Supreme Court. Defendant cannot now seek to recover additional monies arising out of the same loan as permitting her to do so would amount to "claim splitting," which is prohibited under New York law. See A&J Enter. Solutions, 812 N.Y.S.2d at 228 ("[I]f the plaintiff has a money claim against the defendant, at a given time, and sues for only part of what is presently due, the plaintiff forfeits the rest under the splitting rule."); see also Lazides v. Kouzounas, 776 N.Y.S.2d 824, 824 (2d Dep't 2004) ("The rule prohibiting claim splitting prohibits two actions on the same claim or parts thereof."). Defendant's failure to bring her cause of action in the appropriate court in the first place does not trump principles of res judicata. See Stoner v. Culligan, Inc., 300 N.Y.S.2d 966, 968 (3d Dep't 1969) (noting that the "general rule" is that "when plaintiff brings an action for only part of his cause of action, the judgment obtained in that action precludes him from bringing a second action for the residue of the claim, it being established that an entire claim . . . cannot be divided."); see also Emery Roth & Sons v. Nat'l Kinney Corp., 44 N.Y.2d 912, 914 (1978) (holding that where defendant failed to assert a claim in a prior proceeding arising out of the same transaction or event, he "impermissibly split a cause of action and [was] barred from asserting [it] as a counterclaim" in the current proceeding).

against both her and her employer. For the reasons set forth below, this amendment should be denied.

In order to state a claim for defamation, a plaintiff must show "(1) that a defamatory statement of fact was made concerning [Plaintiff]; (2) that the defendant published that statement to a third party; (3) that the statement was false; (4) that there exists some degree of fault; (5) and that there are special damages or that the statement is defamatory per se." Ello v. Singh, 531 F. Supp. 2d 552, 575 (S.D.N.Y. 2007) (quoting Muzio v. Inc. Vill. of Bayville, No. 99 Civ. 8605, 2006 U.S. Dist. LEXIS 1886, at *24 (E.D.N.Y. Jan. 3, 2006)) (alteration in original). Claims for defamation asserted in federal court, as well as their pleading standards, fall within the purview of the Federal Rules of Civil Procedure. See Muzio, 2006 U.S. Dist. LEXIS 1886, at *24-25. Accordingly, pursuant to Rule 8, the pleading need only give sufficient notice to the defendant of the specific communication such that a defense can be prepared. See id.; see also Camp Summit of Summitville, Inc. v. Visinski, No. 05 Civ. 4994, 2007 U.S. Dist. LEXIS 28496, at *30 (S.D.N.Y. Apr. 13, 2007); Scholastic, Inc. v. Stouffer, 124 F. Supp. 2d 836, 849 (S.D.N.Y. 2000). Sufficient notice, however, does require some level of detail:

> In determining whether a defamation claim complies with the pleading requirements of Rule 8, the court should consider whether the complaint references the alleged defamatory statement; identifies the maker of that statement; and indicates when the statement was made, in what context it was made, whether it was made orally or in writing and whether it was made to a third party.

Muzio, 2006 U.S. Dist. LEXIS 1886, at *24-25 (dismissing defamation claims where most specific allegation was that defendants made public and repetitive defamatory statements); see also Reilly v. Natwest Mkts. Group Inc., 181 F.3d 253, 271 (2d Cir. 1999) (affirming dismissal of defamation claim where plaintiff pleaded that defendant had said "something bad" about him).

Mere conclusory statements will not suffice to support a claim for defamation. See Scholastic, 124 F. Supp. 2d at 849.

In the instant case, defendant falls far short of maintaining a claim for defamation. Nowhere in defendant's proposed counterclaim is there a description of the statements that were made, the approximate date that they were made, nor if anyone in particular actually made a statement specifically concerning her. Rather, defendant makes the following conclusory assertion: "My job is threatened because of this Federal Action against me. I am therefore asking damages in the sum of $75,000.00 for damage to my reputation." (Def. Mot. to Amend Answer 3.) In light of defendant's failure to give notice of what statements were made to whom and when, her motion to amend should be denied with respect to the second proposed counterclaim. Such a claim would not survive a motion to dismiss.

Even if defendant's claim for defamation was sufficiently pled, any purported claim of defamation based on the statements contained in the pleadings in the within action - which is what defendant appears to be basing her defamation claim on - would be barred by the New York State doctrine of absolute privilege. "Statements uttered in the course of a judicial or quasi-judicial proceeding are absolutely privileged so long as they are material and pertinent to the questions involved notwithstanding the motive with which they are made." Aequitron Med., Inc. v. Dyro, 999 F. Supp. 294, 298 (E.D.N.Y. 1998). This absolute privilege attaches to every step of a judicial proceeding, not just the hearing and trial phase. See id. Furthermore, the privilege attaches to witnesses as well as judges, parties, and attorneys. See id.; see also Daniel v. Safir, 175 F. Supp. 2d 474, 482 (E.D.N.Y. 2001) (dismissing defamation charges against witnesses not only as time barred but protected by absolute privilege because a medical report

was made in connection with pending litigation). Under the foregoing rubric, defendant's claim of defamation would also be barred on the grounds of absolute privilege. Defendant has only asserted that the alleged defamation arose out of the current litigation and therefore, if any statements were made, which, as stated supra, defendant has not established, they would be nonetheless protected because they were made in conjunction with the instant suit.

In addition, defendant cannot assert a claim against plaintiff based on the simple fact that he commenced a lawsuit against her. The right to sue for an alleged violation of the FCRA is conferred on plaintiff by the statute itself. See 15 U.S.C. § 1681n(a) (providing that any person who obtains a consumer report "knowingly without a permissible purpose" will be civilly liable to the consumer for the actual damages sustained by the consumer or $1,000, whichever is greater, punitive damages "as the court may allow" and reasonable attorney's fees); see also 15 U.S.C. § 1618o (providing for civil liability for negligent violations of the FCRA). The ultimate fact finder in this action - whether it be a jury or the district judge - will determine whether plaintiff has sustained his cause of action. Accordingly, defendant cannot counterclaim against plaintiff simply because he exercised his statutory rights.

IV.    Cross-Requests for Rule 11 Sanctions

Both plaintiff and defendant seek sanctions for alleged violations of Federal Rule of Civil Procedure 11. Plaintiff seeks sanctions on the grounds that defendant's motion to amend is baseless, frivolous, and inexcusable because defendant's father is an attorney and defendant "can well afford counsel to represent her." (Pl. Opp'n to Mot. to Amend ¶¶ 27-28.) Defendant argues that the entire action against her is a frivolous and fraudulent suit in violation of Rule 11. (Def.

Mot. to Amend 4.)

Rule 11(b)(2) requires "an attorney . . . [to certify that] . . . the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law." Fed. R. Civ. P. 11(b)(2). "An argument constitutes a frivolous legal position for purposes of Rule 11 sanctions if, under an objective standard of reasonableness, it is clear . . . that there is no chance of success and no reasonable argument to extend, modify or reverse the law as it stands." Soto v. Fed. Express Corp., No. 06 CV 5413, 2008 U.S. Dist. LEXIS 7688, at *22 (E.D.N.Y. Jan. 31, 2008) (quoting Caisse Nationale De Credit Agricole-CNCA v. Valcorp, Inc., 28 F.3d 259, 264 (2d Cir. 1994)). Courts, however, have consistently awarded sanctions only where there is: (1) blatant disregard for the rule and not where a claim is a strategic mistake, see, e.g., Gowanus Indus. Park, Inc. v. Arthur H. Sulzer Assocs., Inc., No. 06 CV 105, 2008 U.S. Dist. LEXIS 26181, at *19 (E.D.N.Y. Mar. 31, 2008); (2) a contention is incorrect as a matter of law, see, e.g., Shady Records, Inc. v. Source Enters., Inc., 351 F. Supp. 2d 74, 79 (S.D.N.Y. 2004); or (3) a material issue of fact. See, e.g., Dujardin v. Liberty Media Corp., 359 F. Supp. 2d 337, 360 (S.D.N.Y. 2005) (holding that a material issue of fact does not lead to conclusion that there was no reasonable belief that pleading grounded in fact).

With respect to defendant's request for sanctions, plaintiff's claim that defendant violated the Fair Credit Reporting Act clearly does not warrant sanctions under Rule 11. While defendant may dispute plaintiff's allegations that she procured plaintiff's credit reports in violation of the FCRA, the resolution of the issue requires the determination of a material issue of fact. Since plaintiff's claim that defendant violated the FCRA is well-grounded in the law and raises triable

issues of fact, defendant's request for Rule 11 sanctions should be denied.

Plaintiff argues that defendant should be subject to Rule 11 sanctions given the facts that her father is an attorney - who is allegedly counseling her - and that defendant earns a substantial income. Representing oneself, however, is a fundamental right that has been recognized throughout the history of this country. See Iannaccone v. Law, 142 F.3d 553, 556-57 (2d Cir. 1998) (detailing the origins and history of allowing pro se litigants). Just as pro se litigants are held to a more lenient standard than licensed attorneys, pro se individuals are also judged on a sliding scale with respect to their sophistication and knowledge of the law. See Horton v. Trans World Airlines Corp., 169 F.R.D. 11, 16 (E.D.N.Y. 1996); see also Smith v. Educ. People, Inc., 233 F.R.D. 137, 142 (S.D.N.Y. 2005) (requiring pro se plaintiffs to show cause that they had not violated Rule 11 where plaintiffs knew differences in federal and state law, were able to assert their own claims and theories confidently, and acknowledged the applicability of Rule 11 sanctions to themselves). The papers submitted by defendant in support of the within motion do not demonstrate an intimate knowledge of the law. If anything, they demonstrate only cursory legal knowledge and sophistication. See Posner v. Minn. Mining & Mfg. Co., Inc., 713 F. Supp. 562, 565 (E.D.N.Y. 1989) (Rule 11 sanctions not warranted where inartful complaint demonstrated best abilities of pro se plaintiff to investigate the law despite failing to state a claim for which relief may be granted); cf. Durant v. Traditional Invest., Ltd., 135 F.R.D. 42, 49 (S.D.N.Y. 1991) (Rule 11 sanctions imposed on pro se plaintiff whose submitted papers demonstrated "an exceptional grasp of American law for a foreign-born engineer"). Although the motion on the whole may be meritless, it does not rise to the level of frivolous. The court is aware that following the submissions on this motion, the defendant's attorney, who also happens

to be her father, Alfred Wolkenberg, Esq., filed a notice of appearance and therefore the difficulty experienced by plaintiff's counsel in dealing directly with the defendant in this litigation should be eased. In any event, I find no basis on this record for imposing sanctions against defendant.

## RECOMMENDATION

For the foregoing reasons, I recommend that defendant's motion to amend her Answer be denied in its entirety. I further recommend that both parties' requests for sanctions, pursuant to Rule 11 of the Federal Rules of Civil Procedure, be denied.

## OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Any objections to this Report and Recommendation must be filed with the Clerk of the Court with a copy to the undersigned within ten (10) days of the date of this report. Failure to file objections within ten (10) days will preclude further appellate review of the District Court's order. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), and 72(b); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993), cert. denied, 513 U.S. 822 (1994); Frank v. Johnson, 968 F.2d 298 (2d Cir. 1992), cert. denied, 506 U.S. 1038 (1992); Small v. Sec'y of Health and Human Servs., 892 F.2d 15, 16 (2d Cir. 1989) (per curiam).

SO ORDERED.

Dated: Central Islip, New York
       July 24, 2008

/s/ E. Thomas Boyle
HON. E. THOMAS BOYLE
United States Magistrate Judge